**Shaun C. ALLEN, Plaintiff–Appellant**

v.

**John STALEY, Sheriff, Lonoke County Detention Center; Bufford, Lt, Lonoke County Detention Center; John Does, Major, Lonoke County Deten-**

**252**

tion Center; Captain, Lonoke County Detention Center; Lonoke County; Dallas, Officer, Lonoke County Detention Center; Margie Grigsby, Assistant Jail Administrator, Lonoke County Detention Center, Defendants–Appellees.

No. 15–2567.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 11, 2016.

Filed: Feb. 17, 2016.

Shaun C. Allen, Conway, AR, pro se.

Michael R. Rainwater, Geoffrey Thompson, Rainwater & Holt, Little Rock, AR, for Defendants–Appellees.

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

PER CURIAM.

Arkansas inmate Shaun Allen appeals after the district court[1] adversely granted summary judgment in his 42 U.S.C. § 1983 action, which alleged that Lonoke County, Sheriff John Staley, Lieutenant Bufford, Assistant Jail Administrator Margie Grigsby, and Officer Dallas had subjected him to unconstitutional conditions of confinement. Upon de novo review, we conclude that the grant of summary judgment was proper because the evidence in the record and all reasonable inferences therefrom, even when viewed in the light most favorable to Allen, established beyond genuine dispute that the conditions of his confinement were not unconstitutional. *See Holt*

1. The Honorable James M. Moody, Jr., United States District Judge for the Eastern District

*v. Howard,* 806 F.3d 1129, 1132 (8th Cir. 2015) (standard of review); *see also Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (Eighth Amendment protects prisoners from cruel and unusual punishment, which imposes duty on prison officials to provide humane conditions of confinement); *Wilson v. Seiter,* 501 U.S. 294, 304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (conditions of confinement may violate Eighth Amendment when prisoner was deprived of identifiable human need such as food, warmth, or exercise).

The judgment is affirmed. *See* 8th Cir. R. 47B.